UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8212-RMM

UNITED STATES OF AMERICA

v.

ALEJANDRO FLORES-CARRANZA

Defendant.
_____/

FILED BY _____SP_____ D.C.

Apr 24, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: _/s/ Marton Gyires_____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501696
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561)820-8711
Fax:   (561)820-8777
Email: marton.gyires@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 25-mj-8212-RMM |
| ALEJANDRO FLORES-CARRANZA, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ____SP____ D.C.
Apr 24, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  April 23, 2025  in the county of  Palm Beach  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1326(a) & (b)(2) | Previously removed alien found in the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

David Soltero, Border Patrol Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: 4/24/25

*Judge's signature*

City and state:   West Palm Beach, FL      Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, David Soltero, being duly sworn, depose and state as follows:

1. I am a Border Patrol Agent (BPA) with the Department of Homeland Security, United States Border Patrol (USBP) assigned to the office of Border Patrol in West Palm Beach, FL, and have been so employed by the Unites States Border Patrol since 2011. I have successfully completed the United States Border Patrol Agent Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. Among my responsibilities as a Border Patrol Agent, I am trained and empowered to enforce criminal and administrative immigration laws of the United States and investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents, pictures and computer records related to this investigation, and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about April 23, 2025, Alejandro Flores-Carranza ("FLORES-CARRANZA)") committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States, Code, Sections 1326(a) & (b)(2).

1

3. On the morning of April 23, 2025, at approximately 9:29a.m., Florida Highway Patrol ("FHP") and U.S. Border Patrol Agents were conducting a joint operation in Jupiter, Florida. In this particular, I was riding with an FHP trooper in the trooper's marked vehicle.

4. The FHP Trooper noticed a vehicle driving on Indiantown Road which appeared to have a tinted front windshield. The FHP Trooper proceeded to conduct a traffic stop on the vehicle. The FHP Trooper approached the driver of the vehicle and requested a state issued driver's license, and the driver provided a temporary license. I questioned the occupants of the vehicle as to their citizenship and nationality. FLORES-CARRANZA was seated in a back passenger seat. FLORES-CARRANZA stated he is a citizen of Mexico who illegally entered the United States after being deported. FLORES-CARRANZA was taken into custody and transported to the West Palm Beach Border Patrol Station.

5. As part of my investigation, I reviewed documents from the immigration alien file belonging to FLORES-CARRANZA. A review of Department of Homeland Security electronic indices and the immigration alien file assigned to FLORES-CARRANZA showed that he is a native and citizen of Mexico.

6. Records further show that on or about September 26, 2005, FLORES-CARRANZA was apprehended by the U.S. Border Patrol Agents and later charged with harboring aliens, in violation of Title 8 United States Code, Section 1324. He was sentenced to 18 months' imprisonment. FLORES-CARRANZA was removed from the United States on or about January 19, 2007, in El Paso, Texas.

7. On or about February 27, 2010, FLORES-CARRANZA was again ordered removed from the United States after being encountered by the US Border Patrol. FLORES-CARRANZA was removed from the United States on or about February 27, 2010, in Nogales, Arizona.

8. On or about April 16, 2012, FLORES-CARRANZA was encountered for again attempting to illegally cross the U.S./Mexico border. FLORES-CARRANZA was apprehended by the US Border Patrol and removed to Mexico in El Paso, Texas, on or about October 23, 2012.

9. FLORES-CARRANZA's fingerprints were entered into the Automated Biometric Identification System (IDENT) system, a biometric database maintained by the Department of Homeland Security on or about April 23, 2025. IDENT results confirmed that FLORES-CARRANZA's fingerprints belonged to the same individual who was previously removed from the United States as listed above, that is, Alejandro FLORES-CARRANZA.

10. A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if FLORES-CARRANZA had filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that FLORES-CARRANZA obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

11. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that Alejandro FLORES-CARRANZA committed the offense

of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

David Soltero
Border Patrol Agent
United States Border Patrol

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 24 day of April 2025.

RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Alejandro Flores-Carranza

**Case No:** 25-mj-8212-RMM

Previously removed alien found in the United States

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.